**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Oscar Moises HERNANDEZ, aka Camargo, Defendant–Appellant.**

**No. 06–50429.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2007.

Filed April 30, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

760

Becky S. Walker, Esq., Damian J. Martinez, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Alan I. Rubin, Esq., Adelson and Rubin, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE *, District Judge.

## MEMORANDUM **

Defendant Oscar Moises Hernandez conditionally pled guilty to conspiring to possess methamphetamine with the intent to distribute in violation of 21 U.S.C. § 846. He appeals the denial of his suppression motion and motion for a *Franks* hearing. We affirm.

As the parties are familiar with the facts, we refer to them only as necessary.

---

\* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

### I. *Franks* hearing

The government sought a wiretap order. Hernandez asserts that the government could not have shown necessity for the wiretap had certain omitted facts been revealed to the judge who ruled on the wiretap application.

■ Hernandez satisfies the first prong of the preliminary showing required to obtain a *Franks* hearing. The affiant, by virtue of her leadership role in the federal investigation, either knew or should have known about the successful controlled buy and attempted buy. Her failure to include these facts in the affidavit supports a finding of reckless or intentional omission. *See United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1111 (9th Cir.2005).

■ However, Hernandez fails to establish the second *Franks* prong. The contested omissions, had they been included, would not have shown that traditional means would have allowed the government to infiltrate the conspiracy. *See United States v. Fernandez*, 388 F.3d 1199, 1236 (9th Cir.2004) (finding necessity, despite the willingness of two confidential informants to give "significant information," because that information would not have revealed the full extent of the conspiracy). Therefore, we conclude that the district court did not clearly err in finding that the omissions were immaterial to the finding of necessity. *See id.* at 1234; *cf. United States v. Ippolito*, 774 F.2d 1482, 1486–87 (9th Cir.1985).

### II. Necessity

It is well-established that § 2518's mandate to submit a full and complete statement of facts "require[s] strict adherence." *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir.2001). Inclusion of the same evidence that would go into a search warrant affidavit would satisfy this requirement. In contrast, by submitting a sloppy affidavit, the government risks both its credibility and its case.

■ Here, however, we conclude that the district court did not abuse its discretion in finding necessity. *See United States v. Brone*, 792 F.2d 1504, 1506 (9th Cir.1986) ("[A] judge authorizing a wiretap has considerable discretion."). The affidavit established that traditional methods were unlikely to reveal Hernandez's suppliers and customers and that such methods therefore were unable to satisfy a major goal of the investigation. *See United States v. Canales Gomez*, 358 F.3d 1221, 1225 (9th Cir.2004); *United States v. Shryock*, 342 F.3d 948, 976 (9th Cir.2003).

**AFFIRMED.**